IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER JOHNSON,

    Petitioner,               No. CIV S-05-1223 DFL DAD P

    vs.

M.L. EVANS,

    Respondent.         ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a document styled on its face as "Ineffective Assistance of Counsel." To the face page, petitioner has attached a completed version of the court's habeas corpus petition form and a copy of the Petition for Review filed on his behalf with the California Supreme Court. Accordingly, the court will construe the filing as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has also filed a request to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the request to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Since petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, respondents will be directed to file a response to petitioner's habeas petition.

On August 10, 2005, petitioner filed a motion requesting the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Therefore, the motion will be denied.

On August 31, 2005, petitioner filed a motion styled, "Motion For Relief From Judgment/Vacate Judgment." That motion refers to Rule 60(b) of the Federal Rules of Civil Procedure. Therein, petitioner requests that the court rule on his motion before considering the petition for writ of habeas corpus. Petitioner argues that his state court trial counsel committed fraud and other errors when he withheld exculpatory evidence, breached his fiduciary duty to petitioner by failing to disclose that a witness who identified petitioner as the perpetrator of the charged offense had tested positive for the use of cocaine on the night in question, failed to file a suppression motion challenging petitioner's arrest which was carried out without a warrant and without probable cause, and failed to obtain a tape recording from the jail where petitioner was incarcerated which would have demonstrated that petitioner did not make a threatening phone call to the victim as alleged by the prosecution. On November 15, 2005, petitioner filed a document styled, "Motion For Supplement and/or Used In Conjunction with Fed. Rule 60(b)(1)(2)(3)(4)(6) and State Bar Review Dept." Therein, petitioner advanced additional arguments that the state court judgment of conviction in his case should be vacated by this court pursuant to Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure "is the appropriate rule to invoke when one wishes a [district] court to reconsider claims it has already decided." Hamilton v. Newland, 374 F.3d 822, 825 (9th Cir. 2004). Here, the United States District Court has not ruled on petitioner's pending habeas petition. Rather, through his motion for relief from

judgment petitioner is challenging the judgment of conviction entered by the state court.  Thus, petitioner's reliance on Fed. R. Civ. P 60(b) is misplaced.  Therefore, both motions will be denied.[1]

On December 29, 2005, petitioner filed a document styled, "Motion For Writ of Mandamus."  In that motion petitioner contends that on September 27, 2005, he sent his former trial attorney an affidavit for his signature concerning the alleged fraud and breach of fiduciary duty committed by his former attorney.  A declaration was also apparently sent to trial counsel's supervisor for his signature containing the following statements, "I have received and read a copy of said affidavit and exhibits presented by Mr. Johnson it is clear to me that no jury would have found Mr. Johnson guilty of said crimes if all facts would have been presented . . . ."  (Mot. for Writ of Mandate at 8.)  It appears petitioner seeks an order from this court requiring his former attorney and the attorney's supervisor to sign the declarations.  The motion relates to petitioner's attempt to obtain evidence to support his motions brought pursuant to Fed. R. Civ. P 60(b).  Those motions have been denied for the reasons set forth above.  Petitioner's motion for a writ of mandamus will likewise be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted;

2. Respondent is directed to file a response to petitioner's habeas petition within thirty days from the date of this order.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  See Rule 5, Fed. R. Governing § 2254 Cases;

3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

---

[1] Of course, petitioner will be permitted to proceed with this habeas action in which he challenges the state court judgment of conviction on the grounds of ineffective assistance of counsel.

3

4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter;

5. The Clerk of the Court shall serve a copy of this order together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Jo Graves, Senior Assistant Attorney General;

6. Petitioner's August 10, 2005 motion for the appointment of counsel is denied;

7. Petitioner's August 31, 2005 motion for relief from judgment is denied;

8. Petitioner's November 15, 2005 motion styled, "Motion For Supplement and/or Used In Conjunction with Fed. Rule 60(b)(1)(2)(3)(4)(6) and State Bar Review Dept," is denied; and

9. Petitioner's December 29, 2005 motion for writ of mandamus is denied.

DATED: March 2, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
john1223.100+

4