IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER JOHNSON,

    Petitioner,                   No. CIV S-05-1223 JAM DAD P

    vs.

M. L. EVANS,

    Respondent.                ORDER
_____/

        Petitioner is a state prisoner proceeding pro se with this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed June 20, 2005. Therein petitioner challenges the 2002 judgment of conviction entered against him in the Sacramento County Superior Court on charges of premeditated attempted murder, residential burglary, and assault with a deadly weapon with force likely to produce great bodily injury. Respondent filed an answer to the petition on May 22, 2006 and petitioner filed his traverse on May 30, 2006.

        On February 9, 2007, petitioner filed a motion in which he sought leave to file an amended habeas petition to include "newly exhausted claims." By order dated February 22, 2007, that motion was denied because the documents attached by petitioner to the motion reflected that the claims he sought to add to his petition were not exhausted. Petitioner was advised that if he wished to present claims in this habeas action that were currently unexhausted,

1

he could file and serve a motion for a stay and abeyance with this court. Petitioner was cautioned that stay and abeyance is "available only in limited circumstances" and that he was required to demonstrate in any such motion that there was good cause for his failure to exhaust all claims in state court before he filed his federal habeas petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). Petitioner was further advised that if his new claims were fully exhausted, he could file and serve on respondent a new motion for leave to file an amended petition, attaching a proposed amended petition that included all of his pending and new claims. See Order filed February 22, 2007.

On March 9, 2007, petitioner filed with this court a document styled, "Motion For Proposed Amended Petition For A Stay And Abeyance." Therein, petitioner stated that he had a habeas claim of ineffective assistance of appellate counsel pending before the Sacramento County Superior Court, and requested a stay and abeyance of this action. However, in that motion petitioner again did not attempt to make a showing of good cause for his failure to exhaust all of his claims before filing his federal petition. This court denied the motion for stay and abeyance but granted petitioner a final opportunity to file a proper motion which addressed each of the requirements set out by the Supreme Court in its decision in Rhines v. Weber. See Order filed April 19, 2007.

On May 15, 2007, petitioner filed a document styled, "Notice Of Motion And Motion Seeking Leave To Amended [sic] Petition For Writ Of Habeas Corpus Raising Newly Unexhausted Claims (Rule Of Civil Procedure Rule 15(a) and (d)). Evidentiary Hearing Requested." In that motion petitioner again requested leave to amend so that he could "submit newly unexhausted claims to his current pending petition for writ of habeas corpus." (Mot. filed May 15, 2007, at 1.) The motion to amend was denied due to petitioner's failure to satisfy the requirements of Rhines. See Order filed June 12, 2007.

On September 5, 2008, October 7, 2008, and October 21, 2008, petitioner filed and served on respondent identical motions entitled "Motion For Reinstatement of Writ of

Habeas Corpus." Therein, petitioner advises this court that he has now exhausted several new habeas claims in state court. Documents attached to the motion reflect that petitioner filed a petition for writ of habeas corpus in the California Supreme Court on March 27, 2008, in which he raised the following two claims: (1) his life sentence is improper because the element of premeditation was not properly pleaded in the information, as required by state law; and (2) the imposition of the upper term on several of the counts against him violated his constitutional rights as recognized in the Supreme Court decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>Cunningham v. California</u>, 549 U.S. 270 (2007). According to the documents attached to the motion, petitioner's March 27, 2008 habeas petition was summarily denied by the California Supreme Court by order dated August 27, 2008. (Motion for Reinstatement, at 19 of 44.)[1]

This court will construe petitioner's motions for "Reinstatement" as a request to file an amended petition, containing both the claims set forth in the original petition filed on June 20, 2005, and the two newly exhausted claims, described above.[2] Respondent will be ordered to respond to petitioner's motion to amend within thirty days.

/////
/////
/////
/////

---

[1] In a prior document filed with the court, petitioner indicated that he was attempting to exhaust a claim of ineffective assistance of counsel. See document entitled "Motion for Proposed Amended Petition for a Stay and Abeyance," filed June 22, 2007, Ex. B. However, it does not appear that such a claim was presented to the California Supreme Court. Accordingly, the claim is unexhausted, is not referred to in petitioner's latest motions and will not be considered by this court.

[2] Local Rule 15-220 requires that an amended pleading "be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." Petitioner has not complied with this rule in that he has not filed an amended petition setting forth all of his allegedly exhausted claims. Nonetheless, the court elects to proceed in the manner described above in order to conserve time and judicial resources.

1    Good cause appearing, IT IS HEREBY ORDERED that respondent file an
2 opposition to petitioner's September 5, 2008 "Motion for Reinstatement of Writ of Habeas
3 Corpus," construed as a motion to file an amended petition, within thirty days from the date of
4 this order.
5 DATED: May 1, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
johnson1223.fb