IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER JOHNSON,

    Petitioner,                      No. CIV S-05-1223 JAM DAD P

    vs.

M.L. EVANS,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 22, 2006, respondent filed an answer and on May 20, 2006, petitioner filed his traverse. However, prior to a decision being rendered on the fully briefed petition, on September 5, 2008, petitioner sought "reinstatement" with respect to two newly exhausted claims.[1] (Doc. No. 35.) On May 4, 2009, the court issued an order construing petitioner's filing as a motion for leave to file an amended petition and directed respondent to respond to the motion. (Doc. No. 39.) On June 30, 2009, respondent filed his opposition to the motion to amend. Below, the court addresses the pending motion.

/////

---

[1] Petitioner filed the same motion on October 7, 2008 (Doc. No. 36) and October 21, 2008 (Doc. No. 38). Those duplicative motions will be disregarded.

1

I. Petitioner's Original and Proposed New Claims

Petitioner filed his federal habeas petition on June 20, 2005, setting forth the following five grounds for relief:

> Claim 1: Counsel rendered ineffective assistance when he does not seek suppression of evidence seized from a suspect who is apprehended by a police dog after he flees a home which police and dogs enter without a warrant, consent, exigent circumstances or probable cause
>
> Claim 2: Counsel renders ineffective assistance when he fails to prevent destruction of evidence that would demolish the credibility of the state's key witness
>
> Claim 3: Where a defendant is accused of trying to kill his wife after finding her in bed with another man, a court commits reversible error when it gives the jury no instructions on heat of passion or manslaughter
>
> Claim 4: Where a court forces a defendant to testify before other defense witnesses, it commits reversible error
>
> Claim 5: There is insufficient evidence of attempted murder where an assailant with the means and the opportunity to kill does not actually try to kill his victim

(Petition (Doc. No. 1) at 6.)[2]

In his motion now pending before the court, petitioner seeks to amend his habeas petition to add the following two claims:

> Proposed Claim 1: Trial court violated clearly established federal law, violated petitioner's constitutional guarantee to due process of the law by the court knowingly disregarding the reasonable application of legislative mandate governing the special allegation attached to petitioners [sic] commitment offense of attempted murder
>
> Proposed Claim 2: Petitioner contends the imposition of his upper term sentence on counts 2, 3 and 4 violated his right to jury trial, because the agravating [sic] factors used to justify the sentence were not found true by a jury beyond a reasonable doubt.

(Doc. No. 35 at 8 and 14.)

---

[2] Neither the habeas petition nor the pending motion are numbered consecutively. The court has referred to all page numbers as they appear on the court's electronic filing system.

1    The court has construed petitioner's first proposed new claim as alleging that the life sentence imposed in his case is unconstitutional because the element of premeditation was not properly alleged in the charging documents as required under California law. (Doc. No. 39 at 3.) In his second proposed new claim plaintiff contends that his constitutional rights, as recognized by the U.S. Supreme Court in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blake v. Washington</u>, 542 U.S. 296 (2004), and <u>Cunningham v. California</u>, 549 U.S. 270 (2007), were violated when he was sentenced to the upper term on several of the counts of conviction. (<u>Id</u>.)

II. <u>Respondent's Opposition to the Motion</u>

Respondent argues that petitioner should not be granted leave to amend because neither of his proposed new claims relate back to his federal habeas petition filed in this court on June 20, 2005. (Opp'n at 2.) Respondent notes that on appeal from his conviction the California Supreme Court denied petitioner's petition for review on May 18, 2005, and the one-year statute of limitations for the filing of a federal habeas petition began to run on August 17, 2006. (Opp'n at 3.) Although petitioner filed his timely habeas petition with this court on June 20, 2005, it did not contain the two proposed sentencing claims. Moreover, petitioner did not file his first state habeas petition raising those two proposed new sentencing claims until January of 2007, more than four months after the statute of limitations for filing a federal petition had expired. (Id. at 3-4.) Thus, respondent argues, the proposed new claims are time-barred unless they relate back to the timely claims set forth in the 2005 petition filed with this court.

In this regard, respondent argues that petitioner has not carried his burden of demonstrating that the proposed new claims share a common core of operative facts with those set forth in his timely filed petition. (<u>Id</u>.) Respondent notes that the five grounds for relief set forth in the original petition are all based on alleged constitutional violations occurring during the guilt phase of petitioner's state court trial. (<u>Id</u>. at 4.) On the other hand, the two proposed new grounds for habeas relief allege constitutional violations solely in connection with petitioner's sentencing. (<u>Id</u>.) Respondent contends that the facts challenging petitioner's sentence are

3

unrelated to petitioner's original guilty-phase claims of ineffective assistance of counsel. (Id.) In addition, respondent contends, the proposed amendment would be futile because petitioner's Apprendi claim lacks merit. (Id. at 5 n.2.)

III. Analysis

    A. Statute of Limitations

Because this action was filed after April 26, 1996, the provisions of the AEDPA are applicable. See Lindh v.Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, petitioner challenges his 2002 conviction on charges of attempted murder (Cal. Penal Code §§ 664/187), home burglary (§ 459), and assault with a deadly weapon (§§ 245 (a)(1)). Petitioner appealed from the judgment of conviction. After the judgement of conviction

1  was affirmed by the California Court of Appeal, petitioner filed a petition for review with the
2  California Supreme Court. That petition for review was denied on May 18, 2005. (Lod. Doc.
3  No. 8, lodged May 22, 2006.) Petitioner did not file a petition for a writ of certiorari with the
4  U.S. Supreme Court. Accordingly, the judgment of conviction became final on August 17, 2005,
5  when the time for filing a petition for writ of certiorari expired. See Bowen v. Roe, 188 F.3d
6  1157, 1159 (9th Cir. 1999). The one-year statute of limitations for the filing of a federal habeas
7  petition expired on August 17, 2006. Only petitioner's June 20, 2005, petition (containing his
8  original five guilt-phase claims) was filed with this court prior to the expiration of the AEDPA
9  statute of limitations. Petitioner did not file any state habeas petitions before filing his federal
10 habeas petition with this court on.[3] (Answer at 10.) Therefore, to be considered any new claims
11 petitioner seeks to now present to this court must relate back to the claims set forth in his petition
12 that was before the court when the AEDPA statute of limitations expired.

13      B.   Relations Back Under Federal Rule of Civil Procedure 15(c)

14           Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his
15 pleadings once as a matter of course before a responsive pleading is served and may seek leave of
16 court to amend his pleading at any time during the proceeding. Mayle v. Felix, 545 U.S. 644,
17 655 (2005). Under Rule 15(c), a petitioner's amendments made after the statute of limitations
18 has run will relate back to the date of his original pleading if the new claims arose out of the
19 conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.
20 /////
21 /////
22 /////
23 /////

---

[3] Petitioner filed a petition for a writ of habeas corpus with the Sacramento County Superior Court on January 31, 2007. (Doc. No. 27, Ex. A.) However, he is not entitled to statutory tolling of the federal statute of limitations based upon that state petition because it was filed after the statute of limitations for the filing of a federal petition had already expired.

Mayle v. Felix, 545 U.S. at 655 (citing Fed. R. Civ. P. 15(c)(2)); Hebner v. McGrath, 543 F.3d 1133, 1137-38 (9th Cir. 2008).[4]

In Mayle v. Felix, the Supreme Court explained that "[t]he 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding." Id. at 655. The Court observed that the complaint in an ordinary civil case need only provide fair notice of the plaintiff's claim and the grounds on which the claim rests, while a habeas petition is required to specify all grounds for relief available to the petitioner and state the facts supporting each ground. Id. Because of this difference between civil complaints and habeas petitions, the relation back of new habeas claims "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 658.[5] The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence" will consist of each separate set of facts that supports a ground for relief. Id. at 661. See also Hebner, 543 F.3d at 1138-39 (jury instruction claim did not relate back to claim in original petition that testimony was erroneously admitted at trial because the claims arose from discrete occurrences and did not share a common core of operative facts); United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 "relation back" standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."), cert. denied 547 U.S. 1217 (2006). Applying these principles in Mayle, the Supreme Court ruled in that case that the petitioner's new claim did not

---

[4] The rationale for permitting relation back under Federal Rule 15(c) is that the defendants, because of the original complaint or petition, are on notice of the subject matter of the dispute and will not be unduly surprised or prejudiced by the later complaint or petition. See Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000) (stating that one of the central policies of Rule 15(c) is to "ensur[e] that the non-moving party has sufficient notice of the facts and claims giving rise to the proposed amendment").

[5] See Jackson v. Roe, 425 F.3d 654, 660 n.8 (9th Cir. 2005) ("Instead, held the Court, an amended claim in a habeas petition relates back for statute of limitations purposes only if it shares a 'common core of operative facts' with the original claim.").

relate back to his original claim because the new claim arose from the petitioner's own pretrial interrogation and was different in time and place from his original claim, which arose from the police interrogation of a witness. 545 U.S. at 660-61.

Finally, it is petitioner's burden to establish that the requirements for relation back under Rule 15(c) have been met. In re Alstom S.A., 406 F. Supp. 2d 402, 430 (S.D.N.Y. 2005) (citing Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994)); Cabrera v. Lawlor, 252 F.R.D. 120, 123 (D. Conn. 2008) (plaintiff's burden to establish requirements for relation back); Estate of Grier ex rel. Grier v. University of Pennsylvania Health System, No. 07-4224, 2009 WL 1652168, at *4 (E.D. Pa. June 11, 2009) ("Rule 15 places the burden of establishing the relation back of a proposed amended complaint upon the plaintiff").

Here, the court agrees with respondent that petitioner's two proposed new grounds for relief do not relate back to the claims in petitioner's timely habeas petition filed with this court. The claims in the original petition allege ineffective assistance of counsel in failing to make a motion to suppress and in failing to preserve evidence for presentation at trial, jury instruction error, insufficiency of the evidence to support the attempted murder conviction, and trial court error as to the order of witnesses testifying at trial. On the other hand, petitioner's proposed new claims allege a defective charging document and sentencing error. Petitioner's original claims and his new claims are not tied to a common core of operative facts. See Kirk v. Burge, ___F. Supp.2d___, 2009 WL 438054, at *13 (S.D.N.Y. Aug. 6, 2009) (new ineffective assistance of counsel claims found to differ in "time and type" for relation back purposes from petitioner's original claims of trial court and sentencing error); Jorge v. Phillips, No. 05 Civ. 6091 (LAP) (.00MHD), 2008 WL 344718, at *3 (S.D.N.Y. Jan. 31, 2008) (ineffective assistance claims found not to relate back to trial ruling and sentencing error claims). Rather, the proposed new claims are "separated in time and type" because they occurred at the preliminary and

/////

/////

sentencing stages of the criminal proceeding, whereas the original claims concern matters occurring during the trial. Mayle, 545 U.S. at 657.[6]

The undersigned finds that the proposed amendment would be futile because petitioner's new claims are barred by the statute of limitations and the new claims do not relate back to the claims alleged in the original federal habeas petition.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's September 5, 2008 "Motion For: Reinstatement of Writ of Habeas Corpus" (Doc. No. 35), construed as a motion for leave to file an amended petition, be denied. The habeas petition filed June 20, 2005, is submitted for decision.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////
/////
/////
/////

---

[6] The undersigned notes that in 2007, petitioner sought the issuance of a stay in this case to exhaust his unexhausted claims and that the court denied his motion, finding that it did not meet the requirements for stay and abeyance announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269, 277 (2005). (See Doc. Nos. 28-31.) Even if petitioner had met those requirements and obtained a stay pending exhaustion of his new claims, it would have been of no import. The one-year statute of limitations for the filing of a federal habeas petition expired in this case on August 17, 2006, prior to petitioner seeking a stay. Moreover, it has been recognized that staying and holding in abeyance a habeas petition containing only exhausted claims does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009) ("And Duncan [v. Walker, 533 U.S. 167, 172 (2001)] and Mayle [v. Felix, 545 U.S. 644 (2005)], taken together, make demonstrating timeliness of claims amended into a federal habeas petitions after exhaustion often problematic.").

"Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District.

DATED: September 17, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
john1223.mta35