IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER JOHNSON,

    Petitioner,               No. CIV S-05-1223 JAM DAD P

    vs.

M.L. EVANS,

    Respondent.             ORDER

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus in the above entitled action. On February 4, 2010, habeas relief was denied, this action was dismissed and judgment was entered. On March 1, 2010, petitioner filed a notice of appeal. (Doc. No. 50.) Petitioner has now filed a motion for relief of judgment pursuant to Federal Rule of Civil Procedure 60(b), arguing that this court "failed to address pertinent sub-issues" raised in his petition. (Doc. No. 55.)

        Petitioner, however, filed a timely notice of appeal divesting this court of jurisdiction to consider a Rule 60(b) motion that was filed more than 10 days after entry of judgment. See Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997); see also Davis v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007) ("Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment."); Gould v. Mutual Life Insurance Co.,

1

790 F.2d 769, 772 (9th Cir. 1986) ("Unless the appellate court remands to the district court, the latter is without jurisdiction to consider the motion to vacate judgment.")  Under such circumstances, a party may nonetheless "ask the district court for an indication that it is willing to entertain a Rule 60(b) motion.  If the district court gives such an indication, then the party should make a motion in the Court of Appeals for a limited remand to allow the district court to rule on the motion."  Sierra Pacific Industries v. Lyng, 866 F.2d 1099, 1113 n. 21 (9th Cir. 1989).  See also Davis, 481 F.3d at 685; Gould, 790 F.2d at 772.  This court will construe petitioner's motion as a request for an indication whether the district court wishes to entertain his Rule 60(b) motion or to grant it.

        Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence."  Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party ... from a final judgement, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  Motions seeking such relief are addressed to the sound discretion of the district court.  See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Rodriguez v. Bowen, 678 F. Supp. 1456, 1458 (E.D. Cal. 1988).

        In his Rule 60(b) motion petitioner requests that this court vacate its final order and judgment, on the grounds that the December 16, 2009 findings and recommendations "failed to address pertinent sub-issues" raised by petitioner's petition, specifically, whether the arresting

officers used dogs to terrify petitioner, making him more likely to confess, and whether the use of dogs constituted unreasonable and excessive force. Of the six grounds identified by Rule 60(b), the only potentially applicable grounds related to petitioner's argument would be (b)(1) - mistake, inadvertence, surprise, or excusable neglect, and (b)(6) - any other reason justifying relief.

In determining whether neglect is excusable, the court considers the possibility of prejudice to the opposing party, the length of delay, the reason for the delay, and whether the moving party acted in good faith. Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002). However, Rule 60(b)(1) provides no relief for ignorance, carelessness, or inexcusable neglect. Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1100-01 (9th Cir. 2006) (declining to grant relief from judgment based upon alleged attorney-based mistakes of law and noting that "this includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct"); see Jones v. United States, 255 F.3d 507, 511-12 (8th Cir. 2001) ("[a]n attorney's ignorance or carelessness is not cognizable under Rule 60(b).").

Review of petitioner's petition (Doc. No. 1) and the December 16, 2009 findings and recommendations (Doc No. 46) finds that the court thoroughly addressed and analyzed every issue raised by petitioner's petition. Therefore it appears that as a result of his own ignorance, carelessness, or inexcusable neglect it was petitioner who failed to raise the "pertinent sub-issues" he now identifies.

With respect to the application of (b)(6), the United States Court of Appeals for the Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quoting Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006)). In this regard, "a party seeking to reopen a case under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented

1  him from proceeding with the prosecution or defense of the action in a proper fashion." Id.
2  (internal quotations omitted)

3  Here, nothing prevented petitioner from raising in his federal habeas application
4  the "pertinent sub-issues" he now alleges. As such, it cannot be said that the failure to raise these
5  issues was "manifest injustice" or the result of circumstances beyond petitioner's control.

6  The court finds that petitioner has failed to demonstrate an entitlement to relief
7  under Rule 60(b). In the absence of any grounds for relief, this court does not wish to entertain
8  petitioner's Rule 60(b) motion and if the matter were remanded for that purpose would
9  recommend that petitioner's motion be denied. See Davis, 481 F.3d at 685; Sierra Pacific
10 Industries, 866 F.2d at 1113 n. 21; Gould, 790 F.2d at 772.

11 Accordingly, IT IS HEREBY ORDERED that the court does not wish to entertain
12 petitioner's Rule 60(b) motion (Doc. No. 55) and would recommend that the motion be denied
13 were the case to be remanded for consideration of that motion.

14 DATED: June 2, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
johnson1223.60(b)den.wpd

4